296 F.2d 720
 R.C.W. SUPERVISOR, INC., Appellant,
v.
MERCURY MOTOR EXPRESS, INC., a Florida Corporation, and Ed
Blackburn, Jr., individually and as Sheriff of Hillsborough
County and Harris and Company Advertising, Inc., a Florida
Corporation, Appellees.
 No. 19349.
 United States Court of Appeals Fifth Circuit.
 Nov. 21, 1961.
 
 John P. Corcoran, Jr., Tampa, Fla., for appellant.
 James L. Guilmartin, Miami, Fla., for appellees.
 Before JONES, BROWN and GEWIN, Circuit Judges.
 JONES, Circuit Judge.
 
 
 1
 The appellant, R.C.W. Supervisor, Inc., relying upon diversity of citizenship as a basis of federal jurisdiction, and upon 28 U.S.C.A. 2463, both for jurisdiction and as a ground for relief, asserted ownership of goods upon which the Sheriff of Hillsborough County, Florida, has levide under an execution issued upon a judgment of a Florida court rendered against the Republic of Cuba, sought in the district court an injunction to prevent the Sheriff from selling under the execution and for other relief. The state court judgment creditor, Harris and Company Advertising, Inc., became a party by intervention. The district court entered an order denying a temporary injunction and this appeal is from that order.
 
 
 2
 The appellant has not asserted or attempted to assert its claim in the Florida court, and has not said it cannot there obtain such relief as the facts and the law may justify. It is shown by the record that the federal customs revenue is not in jeopardy. Aside from any consideration of the judicial discretion of a district court in granting or denying a temporary injunction, we conclude that the statute, 28 U.S.C.A. 2283, and the doctrine of comity require that the appellant repair to the Florida Courts for its remedy. The order of the district court is
 
 
 3
 Affirmed.
 
 
 4
 JOHN R. BROWN, Circuit Judge (dissenting).
 
 
 5
 I dissent from our declaining to reverse the district court with directions to issue such appropriate stays as reasonably needed to preserve the status pending determination of the substantial questions presented. I consider that on the present showing exclusive jurisdiction is now in the federal court since the goods are in the legal and actual sole custody of the Collector of Customs. 28 U.S.C.A. 2463. No provision made by a state judge in an effort to preserve the revenues may alter this exclusive jurisdiction.